IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN M. BOOHER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:02-1175 |
| v. | : | (JUDGE CAPUTO) |
| SOCIAL SECURITY ADMINISTRATION, JO ANNE B. BARNHART, | : | |
| Defendant | : | |

**MEMORANDUM**

Before me is Plaintiff's Motion for Attorney's Fees under the Social Security Act, 42 U.S.C. § 401, *et seq.* (Doc. 32).

The Plaintiff was represented by counsel when he appealed the denial of disability benefits under the Social Security Act to the United States District Court for the Middle District of Pennsylvania. The Court reviewed the ALJ's decision denying benefits and remanded the matter to the Commissioner for further proceedings. On remand, the ALJ found the plaintiff was disabled and awarded $42,063.00 in retroactive benefits.

Plaintiff's counsel was awarded attorney's fees of $2,210.20 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff had a contingent fee agreement with counsel which provided for a contingent fee of 25% of any retroactive benefits. The Commissioner certified a fee of $1,433.33 under 42 U.S.C. § 406(a) for the time counsel worked on the case before the Commissioner. The Plaintiff now seeks $9,081.22 under 42

1

U.S.C. § 406(a) for the work on behalf of plaintiff in this Court.

## DISCUSSION

Contingent fee agreements concerning retroactive disability Social Security Benefits are the "primary means" for setting fees in such cases. *Gisbrecht v. Barnhart,* 122 S.Ct. 1817, 1821-22 (2002). It is incumbent on the District Court to determine whether such a fee is reasonable. *Id*. Moreover, the Social Security Act sets a limit of 25% of past due benefits when a claimant is represented by counsel in court concerning the claim for past due benefits. 42 U.S.C. § 406(b)(1)(A). Any award is offset by any fees allowed under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 122 S.Ct. at 1822.

Counsel spent 14.33 hours representing the plaintiff in this court. This yields an hourly rate of $633.72 when the amount claimed, $9,081.22, is divided by 14.33 hours. The question is whether this is reasonable. Given the risk taken by counsel in representing a plaintiff seeking past due disability payments, it would not be appropriate to attach a normal hourly rate of $150 to $250. There is the distinct prospect that the plaintiff could lose and counsel would receive nothing. Moreover, the contingent fee agreement risk allows for claimants, such as plaintiff, to secure representation from accomplished practitioners in the field. Consideration must be given to this factor as well. I cannot say that the 25% is unreasonable in light of these circumstances.

Counsel achieved a favorable result after the ALJ denied the benefits. Counsel is also a practitioner with extensive experience in these matters. The fee of 25% will be

2

allowed, and plaintiff will be awarded counsel fees of $9,081.22.[1]  Since counsel has already received $2,210.20 under the EAJA, the award shall be $9,081.22 less $2,210.20, or $6,871.02.    An appropriate order follows.

                                                                          S/ A. Richard Caputo
                                                                          A. Richard Caputo
                                                                          United States District Judge

---

[1] 25% of the award of $42,063.00 is $10,514.55.  The Commissioner certified a fee of $1,433.33 to counsel out of the past due benefits for time spent before the Commissioner, leaving the balance of $9,081.22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN M. BOOHER, | : | |
| | : | |
|     Plaintiff | : | CIVIL ACTION NO. 3:02-1175 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| SOCIAL SECURITY ADMINISTRATION, JO ANNE B. BARNHART, | : | |
| | : | |
|     Defendant | : | |

## **ORDER**

NOW, this 2nd day of June, 2006, **IT IS HEREBY ORDERED** that plaintiff shall be awarded counsel fees under 42 U.S.C. § 406(b) in the amount of $9,081.22 less the $2,210.20 in fees received by plaintiff's counsel under the Equal Access to Justice Act, for a total of $6,871.02.

                                                  s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge